No. 4115

Second Circuit

——

FRYE v. INTERURBAN TRANSP. CO., INC.

——

(February 16, 1932. Opinion and Decree.)
(March 16, 1932. Rehearing Refused.)

——

William M. Mecom, of Columbia, attorney for plaintiff, appellee.

Hawthorn, Stafford & Pitts, of Alexandria, attorneys for defendant, appellant.

STEPHENS, J. The plaintiff, Lutz Frye, brought this suit to recover damages from the defendant, Interurban Transportation Company, Inc., for personal injury and for the destruction of his automobile which resulted in a collision of said automobile with a passenger bus owned and operated by the defendant.

The defendant answered, denying that the collision and resulting injury was caused by any negligence on its part, and averring that if it was found, as a fact, that it was negligent, that the plaintiff was guilty of contributory negligence, which bars recovery.

A trial of the case resulted in a judgment in favor of plaintiff in the sum of $930. From that judgment the' defendant prosecutes this appeal.

The collision complained of by plaintiff occurred on the Monroe-Alexandria highway at a point approximately three miles north of Columbia, La., in Caldwell parish. The plaintiff was driving a model A Ford coupe south towards Columbia, and the defendant's bus was moving in the opposite direction towards Monroe, La.

The scene of the accident was on a straight stretch of road approximately 100 yards in length, at a point equidistant from the beginning of curves at both ends of the straight-away. Both of the curves referred to were gentle, and in the same direction, and caused no obstruction of the view of the drivers of the colliding automobiles, and we think may be dismissed as immaterial factors in the solution of the case.

Immediately prior to the collision, it became necessary for the plaintiff to pass a wagon which was being driven north on the left or wrong side of the road and in the opposite direction from which he was traveling. This circumstance caused the plaintiff to drive to his left side of the road and pass the wagon as he would have properly done had the wagon been proceeding south. In like manner, immediately prior to the accident, the defendant's bus passed to the left of a Ford car, in which a number of negroes were riding, which was being driven north on its right side of the road. The plaintiff's automobile and the defendant's bus, after having passed to the left of the wagon and the Ford car respectively, proceeded a distance of approximately 125 vards and collided on the bus' left or wrong side of the road.

It is the contention of the plaintiff that defendant's bus continued on the left or wrong side of the road from the time it passed the Ford car until the collision occurred; and that he (the plaintiff), after having passed the wagon, returned immediately to his right side of the road and remained there until a head-on collision seemed inevitable, at which time he swerved his automobile sharply to the left; and that, simultaneously therewith, the driver of the bus turned it sharply to its right; that he then cut his automobile quickly to the right; the bus driver executed a similar movement in the same direction and the collision resulted.

The contention advanced by the defendant is that, as soon as possible after the bus had been driven past the Ford car, it regained its right side of the road, and maintained it until its driver observed plaintiff's automobile pass the wagon and begin to zigzag across the road; that its driver, believing that the plaintiff had lost control of his automobile, applied the brakes to the bus and drove it to about the center of the road, which position of the bus he maintained until the movements above described were executed in an effort to avoid the collision, if possible, and, if not, to minimize its consequences.

The trial judge was of the opinion that the plaintiff's theory of the cause of the accident was correct. A careful review of the evidence convinces us of the correctness of the learned trial judge's appreciation of the facts and the law applicable thereto. The record abundantly supports the material facts upon which the plaintiff rests his case. The plaintiff's automobile passed the wagon and regained its right side of the road. After this occurred, the defendant's bus passed to the left of the Ford in which the negroes were riding, and did not return to its right side of the road at any time prior to the collision. We are led to the conclusion that

the facts and circumstances which existed before the bus passed the Ford did not justify the belief on the part of the bus driver that he could pass in safety. It was his duty to have driven behind the Ford until the plaintiff had passed. His failure to observe that duty was in violation of section 15 of Act No. 296 of 1928, which provides:

"The driver of a vehicle shall not drive to the left side of the center line of a highway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety."

Further, his failure to observe that duty was negligence which created a dangerous emergency, the consequences of which the plaintiff made an ineffectual attempt to escape, as evidenced by his zigzagging across the road when it became apparent that the road was closed to him.

If it be held that the defendant's bus may have passed the negro's Ford in safety because of the distance between it and plaintiff's automobile at the time the attempt was made, the defendant's driver was negligent in failing to do so, as he never regained the right side of the road prior to the accident.

In either event, the negligence of the driver of the bus was the proximate cause of the accident.

We find no negligence on the part of the plaintiff. It is not shown that he was driving at an unlawful rate of speed; and his conduct after he was confronted with the sudden peril created by the negligence of the defendant's driver was all that could be expected of him under the circumstances.

This court in Smith v. Interurban Transportation Company, Inc., 5 La. App. 704, in commenting on the duty of the driver of an automobile when confronted with an emergency, used the following language:

"The general rule is that the driver of an automobile should keep to the right, but the rule does not apply in cases where the driver is confronted with an emergency. * * *"

"In the emergency, the driver of the bus used his best judgment and swerved to the left in order to avoid the collision. As it turned out, his turning to the left probably saved the lives of the occupants of the Ford car. But even if it be said that he could have avoided the collision by proceeding straight ahead on the right-hand side of the road (we think he could not) he cannot be held responsible for an error in judgment under the circumstances."

The district judge allowed recovery for personal injury to plaintiff in the sum of $575; the sum of $330 for damage to his automobile; and the sum of $25 for medical fees by him expended as a result of the injury. The sums allowed for the damage sustained, as disclosed by the record, are not excessive, but clearly conservative, and should not be reduced.

The plaintiff in his brief contends that the award should be increased. But he has not appealed nor answered the appeal, so the question of amending the judgment in his behalf by increasing the award may not be considered.

The judgment appealed from is affirmed, with costs.